Hon. James P. Melton Commissioner Department of Motor Vehicles
This is in reply to your letter requesting my opinion as to whether the conduct of hearings by the Administrative Adjustment Bureau of your office by closed circuit television would be constitutional. You have advised me that a large number of traffic citations are issued by Port Authority police officers at Kennedy Airport, returnable at the Queens Office of the Department of Motor Vehicles Administrative Adjustment Bureau located in the Corona section of Queens at considerable distance from the airport. It is proposed, in the interests of saving travel time for police officers to provide a closed circuit television facility at the Airport so that they may testify from that location. You also advise that that facility would also be available to any defendant who wished to use it. It is also assumed that the closed circuit facility would permit viewing of witnesses and questioning of them from both the Corona and Kennedy locations.
In view of the statutory provisions hereinafter discussed, it is not necessary to reach the issue of whether closed circuit televising of administrative hearings would be constitutional.
While section 227 (1) of the Vehicle and Traffic Law authorizes you to prescribe, by rule or regulation, the procedures for the conduct of hearings, which would apparently include the procedure you seek to establish, I call your attention to the provisions of section52 of the Civil Rights Law which provides that "No person, firm, association or corporation shall televise, broadcast, take motion pictures or arrange for the televising, broadcasting, or taking of motion pictures within this state of proceedings, in which the testimony ofwitnesses by subpoena or other compulsory process is or may be taken,
conducted by a * * * administrative agency or other tribunal in this state * * * (emphasis added)." A violation of that section is a misdemeanor. Witnesses may be subpoenaed to appear and testify in proceedings before the Administrative Adjustment Bureau (CPLR, § 2302
[a]). Even in the absence of a subpoena, the party who is served with a traffic citation commanding him to appear at the administrative hearing, is appearing pursuant to compulsory process.
Therefore, the clear language of section 52 prohibits the televising, in whole or in part, of any portion of a proceedings before the Administrative Adjudication Bureau, whether or not witnesses testify pursuant to a subpoena or consent to the televising. If consent by witnesses to the televising could waive the prohibition of the statute, the amendment of section 52 by chapter 706 of the Laws of 1962, which permits televising where, among other things, the witness testifies voluntarily and consents in writing to televising of legislative hearings, would not have been necessary (see also ch. 352, L. 1976 which added Public Service Commission hearings to exception). Those exceptions are not applicable to your inquiry, but it must be inferred from them that these amendments would not have been necessary if consent by the witness could waive the absolute prohibition of the statute.
It is, therefore, my opinion that televising of administrative adjudicatory hearings is barred by Civil Rights Law, § 52.